**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DARIN TYRONE RONE
ADC #120531                                                                                                          PLAINTIFF

V.                                       NO: 5:05CV00177 JLH/HDY

GOLATT, *et al.*                                                                                                    DEFENDANTS

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or

1

    other non-testimonial evidence desired to be introduced at
    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is the Amended Motion of Defendants Dr. Roland Anderson, Dr. Waseem Shah, Shirley Crawford and Dottie Yarbrough to dismiss, (docket entry #48), and their Brief in Support (docket entry #49). Plaintiff, an inmate at the Varner Super Max Unit of the ADC, filed this 42 U.S.C. § 1983 action, alleging that he was assaulted in his cell by prison guards on March 13, 2005, and then denied adequate medical care for injuries he sustained in the attack. Defendants argue that Plaintiff's cause of action should be dismissed because Plaintiff failed to fully exhaust his administrative remedies prior to filing his lawsuit.

Plaintiff initially filed two Responses (docket entries #52 and #57). On September 26, 2005, this Court entered an Order notifying the parties that, due to the attachments filed with the Motion, the Court would construe Defendants' Motion to dismiss as a Motion for summary judgment (docket entry #64). That Order gave Plaintiff 30 days to file an additional response. Plaintiff has since filed two additional responses (docket entries #71 and #73). In his responses, Plaintiff alleges generally that he has exhausted his grievances, but provides no copies of exhausted medical grievances.[1]

---

[1] Plaintiff later filed a copy of a final decision from Larry Norris, ADC Director, regarding Plaintiff's appeal of a "major disciplinary" he received on March 13, 2005 (docket entry #74). Plaintiff wrote "exhaust remied's" (sic) upon this document. Plaintiff's appeal to Norris of his

Plaintiff also asserts in his responses that he has been verbally abused and threatened by Correctional Medical Services ("CMS"), and the Arkansas Department of Correction ("ADC"), and that both have a history of "covering up" for one another.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the Plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). In support of their contention that Plaintiff failed to fully exhaust, Defendants have submitted an affidavit from Max Mobley, the ADC's Deputy Director for Health and Correctional Programs (docket entry #49, exhibit #2). In their Brief in support of their Motion, Defendants assert that the only two grievances that relate to the March 13, 2005, incident, are VSM-05-1203 and VSM-05-1221. Those two grievance numbers correspond to the grievance forms attached to Plaintiff's Complaint (docket entry #2). Mobley's office is apparently the final stage of the appeal process for an inmate grievance when it relates to medical matters. Attached to Defendants' brief in support of their Motion to dismiss is an affidavit from Mobley in which he notes that he found VSM-05-1203 to have merit because of a delay in following up on sick call requests. Mobley's affidavit indicates that VSM-05-1221 was a duplicate of VSM-05-1203, and was therefore without merit. Copies of Mobley's decision in both grievances were also attached to Defendants' brief. Those copies indicate that Mobley's decision in both grievances was made on August 2, 2005 (docket entry #49, exhibit #2). Thus, Plaintiff did not fully exhaust his medical complaints until August 2, 2005. Plaintiff's Complaint was filed on June 13, 2005, well before Mobley's final decision (docket entry #2). The

---

disciplinary sanction is separate from his grievance complaining of inadequate medical treatment following his alleged injury. Even if it were considered the same issue, the final decision from Norris was not made until June 22, 2005; nine days after Plaintiff filed this lawsuit. Thus, Plaintiff's apparent reliance on the Norris decision to support his claim that he exhausted his remedies is misplaced.

Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the Complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). Because Plaintiff failed to fully exhaust his medical grievances before he filed his lawsuit, his claims should be dismissed. Each claim joined in an action must be fully exhausted prior to filing suit. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Having concluded that Plaintiff's Compliant should be dismissed, the Court must now determine whether the dismissal should count as a "strike."[2] Construing his Complaint liberally, the Court concludes that Plaintiff did allege that he had exhausted his administrative remedies (docket entry #2). Unpublished Eighth Circuit case law indicates that an inmate's actual failure to exhaust is not a strike, as long as he alleges exhaustion in his Complaint. *See Millsap v. Jefferson County*, 85 Fed.Appx. 539 (8th Cir. 2003)(unpub. per curiam); *Lee/Millsap v. Wright*, 121 Fed.Appx. 673 (8th Cir. 2005)(unpub. per curiam). Notwithstanding these decisions, the Court concludes, in this limited circumstance, that this dismissal should count as a strike. Plaintiff filed this lawsuit on June 13, 2005 (docket entry #2). Mobley's affidavit indicates that VSM-05-1203 was filed on June 2, 2005, and VSM-05-1221 was filed on June 3, 2005. Allowing for mail delivery, it is apparent that Plaintiff mailed this lawsuit no more than a few days after he initially filed his grievances. Thus, it is clear Plaintiff knew that he had not exhausted his medical claims prior to initiating his lawsuit.

---

[2]Under 28 U.S.C. § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Therefore, the Court believes this lawsuit is an abuse of the judicial process, and is a "malicious" action as contemplated by 28 U.S.C. § 1915(g).[3] Accordingly, dismissal of this action should count as a "strike."

    IT IS THEREFORE RECOMMENDED THAT:

    1.    Defendants' Amended Motion to dismiss (docket entry #48) be GRANTED, and this case be DISMISSED WITH PREJUDICE.

    2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

    3.    The Court certify that, pursuant to 28 U.S.C. § 1915(g), that any appeal from the Order and Judgment dismissing this action be considered frivolous and not in good faith.

    4.    All pending Motions be DENIED AS MOOT.

    DATED this _6_ day of October, 2005.

                                             _/s/ H. David Young_
                                        UNITED STATES MAGISTRATE JUDGE

---

[3]The policy reasons for requiring a prisoner to fully exhaust his grievances before filing suit were clearly demonstrated in this case, in that one of Plaintiff's medical grievances was, in fact, found to have merit. *See Johnson v. Jones*, 340 F.3d at 628. Had Plaintiff fully pursued the grievance process prior to initiating this lawsuit, it is possible his complaints could have been resolved without the necessity of litigation.